IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| EDWARD LEE ADAMS, on Behalf of Himself and All Others Similarly Situated, | ] ] ] | |
| Plaintiff, | ] ] | |
| vs. | ] ] | Civil Action No.:    3:15-1683-TLW |
| AIR METHODS CORPORATION and ROCKY MOUNTAIN HOLDINGS, LLC, | ] ] ] | |
| Defendants. | ] ] | |

Plaintiff Edward Lee Adams brings this action against Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC on behalf of himself and all others similarly situated pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

## **NATURE OF THE CASE**

1. Plaintiff brings this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and for similarly situated trauma patients transported by Defendants to the hospital from a location in South Carolina. For trauma patients like Plaintiff, first responders or other emergency personnel determine whether the patient needs a helicopter for emergency travel to the hospital. As such, no written contract is established between the patient and the Defendants.

2. Instead of charging patients a uniform, customary, and reasonable rate under the quasi-contract, Defendants seek to charge higher prices that bear no reasonable relationship to the services rendered or what is customarily charged for the services. On information and belief, these prices and charges are generally many times the actual cost of providing care. By forcing this pricing scheme upon Plaintiff and other patients without their

knowledge, Defendants breached its duty to charge reasonable rates for services, breached its covenant of good faith and fair dealing, and/or were unjustly enriched at the expense of the Plaintiff Class.

3.  In this action, Plaintiff, on behalf of the class seeks to enjoin Defendants from charging anything above the reasonable rate for services entered, where the patient has not previously had an opportunity to negotiate a contract before services are rendered.

4.  Defendants conceal their pricing structure by failing to enter into preferred provider contracts with managed care companies, and require patients to pay the bill in full and seek reimbursement from their insurance companies.

5.  Defendants do not negotiate rates with patients, and instead imposes excessive charges that bear no reasonable relationship to the cost of the services rendered.

6.  The decision by Defendants to charge inflated prices is not supported by any rational pricing analysis.  Instead, the prices charged Plaintiff and members of the class are the result of Defendants' policy of establishing an inflated pricing scheme and refusing to discount prices to those who have no ability to negotiate.

## JURISDICTION AND VENUE

7.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(d), the class contains members of diverse citizenship from Defendant, and the amount in controversy exceeds $5 million.

8.  The Court has personal jurisdiction over Defendants because Defendants are authorized to, and conducts, substantial business in South Carolina, generally, and this District, specifically. Defendant owns and operates retail locations within this District and throughout the state of South Carolina.

9.  Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2), since the cause of action arose in this District, and the unlawful conduct of Defendants, out of which the cause of action arose, took place in this District.

## THE PARTIES

10. Plaintiff Edward Lee Adams is a citizen and resident of Lexington County, South Carolina.

11. Defendant Air Methods Corporation is incorporated under the laws of Delaware with a principal place of business in Englewood, Colorado.  Defendant may be served through its registered agent CT Corporation System, 75 Beattie Place, Two Insienia Financial Plaza, Greenville, South Carolina 29601.

12. Defendant Rocky Mountain Holdings, LLC, is a limited liability company organized under the laws of Delaware with a principal place of business in Cincinnati, Ohio. Defendant business in South Carolina including in this Division.  Defendant may be served through its registered agent CT Corporation System, 2 Office Park Court, Columbia, South Carolina 29223.   On information and belief, Defendant Rocky Mountain Holdings, LLC, is a holding company that owns Air Methods Corporation.

## FACTUAL BACKGROUND

13. On May 17, 2014, Defendants transported Plaintiff from an accident scene on Highway 378 in Lexington County to Richland Memorial Hospital in Columbia, South Carolina, which was less than 25 miles.

14. No oral or written contract was agreed upon by Plaintiff and Defendants.

15. Following the transport, Defendants billed Plaintiff a total of $30,891.38 and itemized this charge as $22,550.13 as the base charge, along with an additional $8,341.25 for 25 miles of transport.

16. In one of its bills to Plaintiff, attached as Exhibit A to this Complaint, Defendants state the following:

> Your insurance provider has not paid this claim. We will continue to pursue your insurance for payment on your behalf, but we ask that you contact your insurance to potentially prevent a denial of your claim. Unfortunately, if your claim is denied the full balance of this account would become your financial responsibility. Se Habla Espanol.

17. On information and belief and contrary to the statement above, Defendants have not sought reimbursement pursuant to Plaintiff's Medicare or Medicaid coverage. Instead, Defendants seek to claim a higher payment based upon potential third party liability.

18. Despite any connection to North Carolina, including the lack of a valid forum selection clause in a written contract, Defendants state on their invoice that "Your obligation to make payment on this invoice is governed by North Carolina law."

19. Defendants' statement set forth above is a thinly veiled attempt to avoid the application of common law *quantum meruit*. Nonetheless, South Carolina law applies.

20. On information and belief, the amount sought by Defendants exceeds the "uniform, customary, and reasonable amount" typically charged in South Carolina for transport. Moreover, the amount charged, while potentially appropriate in a bartered contract, does not represent the reasonable value of services rendered and is excessive.

21. Plaintiff's action is not barred by 49 U.S.C. § 41713, the Airline Deregulation Act, as this action does not affect the price of air transportation, as such price in Defendants' invoice was not an agreed upon amount prior to Defendants transporting Plaintiff. In fact, the

only basis Defendants have to enforce any rights against Plaintiff are through quasi-contract or *quantum meruit* under state law.  Any application of 49 U.S.C. § 41713 would actually operate to prohibit Defendants from collecting any fees that were outside the four corners of a contract.

## CLASS ACTION ALLEGATIONS

22. Plaintiff adopts the previous allegations as if fully set for the herein.

23. Plaintiff bring this action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a Class of all persons similarly situated, defined as follows:

> All patients who have received emergency medical transport by Defendant from a location in South Carolina to a hospital during the period of three (3) years prior to the commencement of this action.

24. Numerosity. Fed. R. Civ. P. 23(a)(l). The members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, based on information and belief, it is in the thousands.

25. Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

    a.  whether the agreements between Defendant and members of the Class constituted enforceable contracts;

    b.  whether members of the Class were charged prices by for services rendered in the State of South Carolina that violated the implied contracts between Defendant and members of the Class;

    c.  whether members of the Class were charged prices by Defendant in the State of South Carolina that were so high as to be unreasonable and unconscionable;

    d.  whether Defendant has been unjustly enriched by charging members of the Class unreasonably high rates for services and materials;

e.  whether Defendant breached a contractual relationship with Plaintiff and members of the Class, including breach of the covenant of good faith and fair dealing, by charging members of the Class exorbitant and unreasonable prices for medical services;

f.  whether Plaintiff and members of the Class are entitled to restitution of overcharges collected by Defendant;

g.  whether the Court should grant injunctive relief to members of the Class to prevent the continuation of the foregoing acts and conduct of Defendant;

h.  whether Plaintiff and other Class Members are entitled to punitive damages for this unlawful conduct; and

i.  whether Plaintiff and the Class Members sustained damages and the proper measure of damages.

26. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those of other Class members because Plaintiff's information, like that of every other class member, was misused and/or disclosed by Defendants.

27. Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's Counsel are competent and experienced in litigating class actions.

28. Superiority of Class Action. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

29. Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of

law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

30. Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

### FOR A FIRST CAUSE OF ACTION
### DECLARATORY AND INJUNCTIVE RELIEF

31. Plaintiff adopts the allegations of the previous paragraphs as if fully restated herein.

32. Plaintiff is a person interested under the quasi-contract with Defendants and may bring this action the legal rights arising under that quasi contract.

33. The quasi-contract between Plaintiff and Defendant, like the quasi-contract between members of the Class and Defendants, do not contain a defined price term, which is necessary to the formation of an enforceable contract.  As such, Plaintiff seek an order from the Court that the purported bills submitted by Defendants to Plaintiff and Class Members are unenforceable contracts because of the lack of mutuality.

34. On information and belief, in the absence of an enforceable contract, Defendants are entitled to receive the fair and reasonable value of the benefits bestowed upon members of the Class.  The charges billed by Defendant to members of the Plaintiff Class greatly exceeded the reasonable value of the benefit bestowed.  As a result, Defendant has been unjustly enriched by the overcharges it has levied against members of the Class through the improper and/or illegal acts alleged in this Complaint.

35. Plaintiff and members of the Class seek the disgorgement of Defendants' illicit profits, and restitution in the amount of excess charges levied by Defendant and other relief as set forth in the prayer below.

36. As a result of Defendants' improper, and unconscionable charging practices as described above, Plaintiff and all members of the Class have suffered, and will continue to suffer, severe and irreparable harm and injury.

37. Accordingly, Plaintiff and members of the Class respectfully ask the Court to enter a preliminary and/or permanent injunction ordering Defendants to cease and desist its practice of charging Plaintiff and members of the Class unconscionable and/or unreasonable prices for medical care, at rates far in excess of rates that are uniform, customary, and reasonable.

38. Plaintiff and members of the Class further seek a prospective order from the Court requiring Defendant to: (1) cease the charging of unreasonable rates patients; and (2) to cease its attempts to collect outstanding medical bills beyond what are reasonable charges from members of the Class.

## FOR A SECOND CAUSE OF ACTION
## BREACH OF IMPLIED CONTRACT

39. Plaintiff adopts the allegations of the previous paragraphs as if fully restated herein.

40. Prior to the receipt of services, no negotiation of contract terms took place and Plaintiff and Defendants did not enter into either a written or oral agreement on the terms of any contract, particularly the price term.

41. Prior to sending Plaintiff and members of the Class a bill, Defendants never disclosed the rates it intended to charge for its services. As these agreements contained an undefined price term, they constituted an implied contract, and Defendants were obligated to charge the fair and reasonable value of the services and materials it provided to Plaintiff and each member of the Class.

42. Instead of charging Plaintiff and members of the Class the fair and reasonable value of its services and materials, Defendant breached the implied contracts, including breach of the covenant of good faith and fair dealing, by charging the inflated prices that bear no reasonable relationship to the services rendered.

43. By any measure, the prices charged by Defendants to Plaintiff and members of the Class for hospital services were unreasonable.  These prices far exceed the amounts paid by third-party payors, including the "uniform, customary, and reasonable" amount paid by health insurance companies and the amount paid by Medicare and Medicaid for the same services.

44. As a result of Defendant's breach of the implied contracts, Plaintiff and members of the Class have incurred damages in the amount of the overcharges levied by Defendant. Plaintiff and members of the Class are therefore entitled to actual damages, pre-judgment interest, and such other relief as set forth in the prayer below.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing claims, Plaintiff, on behalf of themselves and all members of the Class they represent, seek judgment and relief against the Defendants as follows:

a)  for an order certifying the Class, designating Plaintiff as the Class Representative and Plaintiff' attorneys as Class Counsel;

b)  for judgment on each claim against the Defendant on behalf of the Plaintiff Class;

c)  for compensatory and all other allowable damages under the causes of action asserted herein, including pre-judgment interest;

d)  for an order requiring restitution of overpayments made by members of the Plaintiff Class to Defendant, and disgorgement of the money the Defendant had improperly collected;

e)  for permanent injunctive relieve enjoining the Defendants from continuing in the improper and/or unlawful acts alleged herein;

f) for reasonable attorneys' fees; and

g) for such other and further relief as the Court may deem appropriate.

### REQUEST FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, requests trial by jury on all claims so triable.


DATED:  April 17, 2015

Respectfully submitted:

/s/J. Preston Strom, Jr.
Strom Law Firm, LLC
J. Preston "Pete" Strom, Jr. (Fed Id # 4354)
Mario A. Pacella, (Fed Id. # 7538)
John R. Alphin, (Fed Id. # 9923)
2110 N. Beltline Boulevard
Columbia, South Carolina 29204
Tel:  (803) 252-4800
Fax: (803) 252-4801
petestrom@stromlaw.com
mpacella@stromlaw.com
jalphin@stromlaw.com

Richardson, Patrick
Westbrook & Brickman, L.L.C.
Terry E. Richardson, Jr. (#3457)
E-Mail:  trichardson@rpwb.com
Daniel S. Haltiwanger (#7544)
E-Mail:  dhaltiwanger@rpwb.com
P. O. Box 1368
1730 Jackson Street
Barnwell, SC 29812
Telephone No.:  (803) 541-7850
Fax No.:  (803) 541-9625