IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| EDWARD LEE ADAMS and JOEL GRIFFITH on Behalf of Themselves and All Others Similarly Situated, | ] ] ] ] | |
| Plaintiff, | ] ] | |
| vs. | ] ] | Civil Action No.: 3:15-CV-1683-TLW |
| AIR METHODS CORPORATION and ROCKY MOUNTAIN HOLDINGS, LLC, | ] ] ] | |
| Defendants. | ] | |

**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Edward Lee Adams and Joel Griffith bring this action against Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC on behalf of themselves and all others similarly situated pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

**NATURE OF THE CASE**

1. Plaintiffs bring this action under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and for similarly situated patients transported by Defendants to the hospital from a location in South Carolina. For patients like Plaintiffs, first responders or other emergency personnel determine whether a patient needs a helicopter for emergency travel to the hospital. As such, no written contract is established between patients and the Defendants.

2. Instead of charging patients a uniform, customary, and reasonable rate, Defendants seek to charge higher prices that bear no reasonable relationship to the services rendered or what

1

is customarily charged for the services. On information and belief, these prices and charges are generally many times the actual cost of providing medical transport. By forcing this pricing scheme upon Plaintiffs and other patients without their knowledge and without regard to any health insurance payor, managed care payor, or governmental payor, Defendants breached their duty to charge reasonable rates for services, breached the covenant of good faith and fair dealing, and/or were unjustly enriched at the expense of the Plaintiff Class.

3. In this action, Plaintiffs, on behalf of the Plaintiff Class, seek alternatively to enjoin Defendants from charging anything above the reasonable rate for services rendered, where the patient has not previously had an opportunity to negotiate a contract before services are rendered.

4. Defendants conceal their pricing structure by failing to enter into preferred provider contracts with managed care companies and require patients to pay the bill in full and seek reimbursement from their insurance companies.

5. Defendants do not negotiate rates with patients and instead impose excessive charges that bear no reasonable relationship to the cost of the services rendered.

6. The decision by Defendants to charge unreasonable prices is not supported by any rational pricing analysis. Instead, the prices charged Plaintiffs and members of the Class are the result of Defendants' policy of establishing an inflated pricing scheme and refusing to discount prices to those who have no ability to negotiate.

## **JURISDICTION AND VENUE**

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(d), the class contains members of diverse citizenship from Defendant, and the amount in controversy exceeds $5 million.

8. The Court has personal jurisdiction over Defendants because Defendants are authorized to, and conduct, substantial business in South Carolina, generally, and within this District, specifically. Defendant owns and operates retail locations within this District and throughout the state of South Carolina.

9. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2), since the cause of action arose in this District, and the unlawful conduct of Defendants, out of which the cause of action arose, took place in this District.

## THE PARTIES

10. Plaintiff Edward Lee Adams is a citizen and resident of Lexington County, South Carolina.

11. Plaintiff Joel Griffith is a citizen and resident of Orangeburg County, South Carolina.

12. Defendant Air Methods Corporation is incorporated under the laws of Delaware with a principal place of business in Englewood, Colorado. Defendant may be served through its registered agent CT Corporation System, 75 Beattie Place, Two Insignia Financial Plaza, Greenville, South Carolina 29601.

13. Defendant Rocky Mountain Holdings, LLC, is a limited liability company organized under the laws of Delaware with a principal place of business in Cincinnati, Ohio. Defendant business in South Carolina including in this Division. Defendant may be served through its registered agent CT Corporation System, 2 Office Park Court,

3

Columbia, South Carolina 29223. On information and belief, Defendant Rocky Mountain Holdings, LLC, is a holding company that owns Air Methods Corporation.

## FACTUAL BACKGROUND

14. On May 17, 2014, Defendants transported Plaintiff Adams from an accident scene on Highway 378 in Lexington County to Richland Memorial Hospital in Columbia, South Carolina, which was less than 25 miles.

15. No oral or written contract was agreed upon by Plaintiff Adams and Defendants.

16. Following the transport, Defendants billed Plaintiff Adams a total of $30,891.38 and itemized this charge as $22,550.13 as the base charge, along with an additional $8,341.25 for 25 miles of transport.

17. In one of its bills to Plaintiff Adams, attached as Exhibit A to this Complaint, Defendants state the following:

> Your insurance provider has not paid this claim. We will continue to pursue your insurance for payment on your behalf, but we ask that you contact your insurance to potentially prevent a denial of your claim. Unfortunately, if your claim is denied the full balance of this account would become your financial responsibility.

18. On information and belief and contrary to the statement above, Defendants have not sought reimbursement under Plaintiff Adams' Medicare coverage. Instead, Defendants seek to claim a higher payment based upon potential third party liability.

19. Despite any connection to North Carolina, including the lack of a valid forum selection clause in a written contract, Defendants state on their invoice that "Your obligation to make payment on this invoice is governed by North Carolina law."

20. Defendants' statement set forth above is a thinly veiled attempt to avoid the application of common law *quantum meruit*. Nonetheless, South Carolina law applies.

21. On December 24, 2013, Defendants transported Plaintiff Griffith from The Regional Medical Center in Orangeburg County to Providence Hospital in Columbia, South Carolina.

22. No oral or written contract was agreed upon by Plaintiff Griffith and Defendants.

23. Following the transport, Defendants billed Plaintiff Griffith a total of $30,424.86 and itemized this charge as $20,044.56 as the base charge, along with an additional $10,380.30 for mileage.

24. A copy of Plaintiff Griffith's Explanation of Benefits from Blue Cross Blue Shield of South Carolina is attached as Exhibit B to this Complaint. Attached as Exhibit C to this Complaint are collection letters to Plaintiff Griffith seeking the balance of $9,409.86.

25. Plaintiff Griffith has consistently made payments on said balance, which, upon information and belief, exceeds reasonable charges Defendants should have been seeking.

26. On information and belief, the amount sought by Defendants exceeds the "uniform, customary, and reasonable amount" typically charged in South Carolina for similar transport. Moreover, the amount charged does not represent the reasonable value of services rendered and is excessive.

27. Defendants' pricing policies and balance billing apply uniformly regardless of any amount that a third party payor may make on behalf of their insured or member.

28. At all material times Plaintiffs lacked knowledge of the unreasonableness and unconventionality of the rate charged by Defendants for transport service.

29. Plaintiffs' action is not barred by 49 U.S.C. § 41713, the Airline Deregulation Act, as this action does not affect the price of air transportation and, as such, the price in Defendants' invoice was not an agreed upon amount prior to Defendants transportation of Plaintiffs.

The only basis Defendants have to enforce any rights against Plaintiffs is through quasi-contract or *quantum meruit* under state law. Any application of 49 U.S.C. § 41713 would actually operate to prohibit Defendants from collecting any fees that were outside the four corners of a contract.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs adopt the previous allegations as if fully set forth herein.

31. Plaintiffs bring this action under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a Class of all persons similarly situated, defined as follows:

> All patients who, without entering a written agreement with Defendants for medical transport prior to the transport, received medical transport by Defendants from a location in South Carolina to a healthcare facility during the period of three (3) years prior to the commencement of this action.

32. The members of the Class are so numerous that the joinder of all members is impractical. Upon information, the proposed class would include thousands of class members. Defendants purport to be industry leaders in air medical transport, have multiple hospital and community bases within the state of South Carolina, and service a large geographic area within the state of South Carolina.

33. Upon information, Defendants keep detailed transport and billing records from which the class members can be readily and easily ascertained without resort to individualized fact-finding. Specifically, those patients who received medical transport from a South Carolina location to a healthcare facility can be identified though Defendants' transport and medical records. The unreasonable rates charged by Defendants for each of those class members can also be determined by reference to Defendants' billing records.

34. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. The common questions of law and fact include, without limitation:

   a. whether the provision of medical transport by Defendants to members of the Class in the absence of a written agreement created an implied contract between Defendants and members of the class;

   b. whether members of the Class were charged prices for services rendered in the State of South Carolina that violated implied contracts between Defendants and members of the Class;

   c. whether members of the Class were charged prices by Defendants in the State of South Carolina that were so high as to be unreasonable and unconscionable;

   d. whether Defendants have been unjustly enriched by charging members of the Class unreasonably high rates for services and materials;

   e. whether Defendants breached a contractual relationship with each Plaintiff and members of the Class, including breach of the covenant of good faith and fair dealing, by charging members of the Class unreasonable prices for transport services;

   f. whether Plaintiffs and members of the Class are entitled to restitution of overcharges collected by Defendant;

   g. whether Plaintiffs and the Class Members sustained damages as a result of Defendants' breach of implied contract by charging an unreasonable rate.

35. Plaintiffs' claims are typical of those of the other class members because Plaintiffs and the class received medical transport from Defendants for which they were billed excessive amounts. This is true regardless of whether Plaintiffs or the class had a third party payor at the time of transport. Plaintiffs are part of the class they seek to represent – they possess the same interest as the absent class members and have suffered the same injury.

36. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class and Plaintiffs have retained competent counsel with experience in class action litigation. Plaintiffs have no interests that are contrary to, or in conflict with, those of the

class that Plaintiffs seek to represent. The mere existence of third party payors that may have an obligation to pay a part of the unreasonable rates Defendants' charged to the class presents no intra-class conflict between Plaintiffs or the class.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

38. Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class.

39. Alternatively, Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and injunctive relief is alternatively proper under Rule 23(b)(2).

## FOR A FIRST CAUSE OF ACTION
## BREACH OF IMPLIED CONTRACT

40. Plaintiffs adopt the allegations of the previous paragraphs as if fully restated herein.

41. Prior to the receipt of services, no negotiation of contract terms took place and Plaintiffs and Defendants did not enter into either a written or oral agreement on the terms of any contract, particularly the price Defendants charged for transport services.

42. Prior to sending Plaintiffs and members of the class a bill, Defendants never disclosed the rates it charges for its services. As these agreements contained an undefined price term they constituted an implied contract and Defendants were obligated to charge the fair and

reasonable value of the services and materials it provided to Plaintiffs and each member of the class.

43. Instead of charging Plaintiffs and members of the Class the fair and reasonable value of its services and materials Defendants breached the implied contracts, including the implied covenant of good faith and fair dealing, by charging inflated prices that bear no reasonable relationship to the services rendered.

44. By any measure, the prices Defendants charged Plaintiffs and members of the Class for hospital services were unreasonable. These prices far exceed the amounts paid by third-party payors, including the "uniform, customary, and reasonable" amount paid by health insurance companies and the amount paid by Medicare and Medicaid for the same services.

45. As a result of Defendants' breach of the implied contracts, Plaintiffs and members of the Class have incurred damages in the amount of the overcharges levied by Defendant. Plaintiffs and members of the Class are therefore entitled to actual damages, pre-judgment interest, and such other relief as set forth in the prayer below.

**FOR A SECOND CAUSE OF ACTION**
**DECLARATORY AND INJUNCTIVE RELIEF**

46. Plaintiffs adopt the allegations of the previous paragraphs as if fully restated herein.

47. Alternatively, Plaintiffs seek injunctive and declaratory relief for the purposes of determining questions of actual controversy between class members and Defendants.

48. As set forth above, the alternatively proposed injunctive class also meets the requirements of Rule 23(a), as set forth above and incorporated here.

49. Plaintiffs seek declarations to determine the rights of the class members and to enjoin Defendants from further engaging in a pattern of activity whereby they uniformly charge

an unreasonable rate for transport services in South Carolina to persons that have no ability to negotiate and that lack knowledge of facts underlying the unreasonableness and unconventional nature of Defendants' rates.

50. The implied contracts between Plaintiffs and Defendants do not contain a defined price term which is necessary to the formation of an enforceable contract. As such, Plaintiffs seek an order from the Court that the purported bills submitted by Defendants to Plaintiffs and the class are unenforceable contracts because of the lack of mutuality.

51. In the absence of an enforceable contract, Defendants are entitled to receive the fair and reasonable value of the benefits bestowed upon members of the class. The charges billed by Defendants to members of the class greatly exceeded the reasonable value of the benefit bestowed. As a result, Defendants have been unjustly enriched by the overcharges it has levied against members of the Class through the improper and/or illegal acts alleged in this Complaint.

52. Plaintiffs and members of the class seek the disgorgement of Defendants' illicit profits, and restitution in the amount of excess charges levied by Defendant and other relief as set forth in the prayer below.

53. As a result of Defendants' improper and unconscionable charging practices as described above, Plaintiff and all members of the class have suffered, and will continue to suffer, irreparable harm and injury.

54. Accordingly, Plaintiffs and members of the class respectfully ask the Court to enter a permanent injunction ordering Defendants to cease and desist its practice of charging Plaintiffs and the class unconscionable and/or unreasonable prices for medical care, at rates far in excess of rates that are uniform, customary, and reasonable.

55. Plaintiffs and members of the Class further seek a prospective order from the Court requiring Defendant to: (1) cease the charging of unreasonable rates; and (2) to cease its attempts to collect from the class outstanding medical bills for amounts beyond what are reasonable charges.

**FOR A THIRD CAUSE OF ACTION**
**Violation of the S.C. Unfair Trade Practices Act**

56. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

57. Plaintiffs allege that Defendants have violated the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10, *et seq*.

58. Plaintiffs and the class members are "persons" within the meaning of S.C. Code § 39-5-10(a).

59. Defendants, which receive substantial revenue from their operations within South Carolina, are engaging in commerce as those terms are defined in S.C. Code § 39-5-10(b).

60. Defendants' unlawful actions and omissions, as described above, constitute unfair and deceptive practices within the meaning of S.C. Code § 39-5-20(a).

61. Defendants' unlawful actions and omissions are capable of repetition and, upon information, are currently ongoing.

62. Defendants' unlawful conduct affects the public interest of South Carolina.

63. Defendants knew, or reasonably should have known, that the unlawful conduct described above was in violation of the Act.

64. As a direct, foreseeable, and proximate result of Defendants' unfair and deceptive conduct, Plaintiffs and the class members have suffered loss.

65. As such, Plaintiffs and the class members are entitled to their actual damages, which should be trebled, together with interest and attorneys' fees as provided by the Act.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing claims, Plaintiffs, on behalf of themselves and all members of the Class they represent, seek judgment and relief against the Defendants as follows:

a) for an order certifying the Class, designating Plaintiffs as the Class Representatives and Plaintiffs' attorneys as Class Counsel;

b) for judgment on each claim against the Defendant on behalf of the class;

c) for compensatory and all other allowable damages under the causes of action asserted herein, including pre-judgment interest;

d) for an order requiring restitution of overpayments made by members of the Plaintiff Class to Defendant, and disgorgement of the money the Defendant had improperly collected;

e) alternatively, for permanent injunctive relieve enjoining the Defendants from continuing in the improper and/or unlawful acts alleged herein;

f) alternatively, in the unlikely event Plaintiffs cannot meet the requirements of Rule 23(b)(3), for an order certifying certain liability issues which exist, predominate, and are susceptible to class-wide proof;

g) for reasonable attorneys' fees;

h) for attorneys' fees and treble damages for their SCUTPA claims; and

i) for such other and further relief as the Court may deem appropriate.

## REQUEST FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Class, request trial by jury on all claims so triable.

DATED: November 4, 2015

Respectfully submitted:

/s/J. Preston Strom, Jr.
Strom Law Firm, LLC
J. Preston "Pete" Strom, Jr. (Fed Id # 4354)
Mario A. Pacella, (Fed Id. # 7538)
John R. Alphin, (Fed Id. # 9923)
2110 N. Beltline Boulevard
Columbia, South Carolina 29204
Tel:  (803) 252-4800
Fax: (803) 252-4801
petestrom@stromlaw.com
mpacella@stromlaw.com
jalphin@stromlaw.com

Richardson, Patrick
Westbrook & Brickman, L.L.C.
Terry E. Richardson, Jr. (#3457)
E-Mail:  trichardson@rpwb.com
Daniel S. Haltiwanger (#7544)
E-Mail:  dhaltiwanger@rpwb.com
Chris Moore (#10445)
E-Mail: cmoore@rpwb.com
P. O. Box 1368
1730 Jackson Street
Barnwell, SC 29812
Telephone No.:  (803) 541-7850
Fax No.:  (803) 541-9625