# IN THE UNITED STATED DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| **EDWARD LEE ADAMS and JOEL GRIFFITH**, on Behalf of, Themselves and All Others Similarly Situated, | )<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )    Civil Action No. 3:15-1683-TLW |
| **AIR METHODS CORPORATION and ROCKY MOUNTAIN HOLDINGS, LLC,** | )<br>)<br>)<br>) |
| **Defendants.** | ) |

### DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND DEFENDANTS' COUNTERCLAIMS

Defendants Air Methods Corporation ("Air Methods") and Rocky Mountain Holdings, LLC ("RMH") (collectively, the "Defendants"), by and through counsel, hereby answer Plaintiffs' Consolidated Amended Class Action Complaint (the "Complaint"), in correspondingly numbered paragraphs, and assert affirmative defenses and counterclaims against Plaintiffs, as follows:

### NATURE OF THE CASE[1]

1. Defendants admit that the Complaint purports to assert an action against Defendants for various claims, but deny that Plaintiffs are entitled to any relief or that this action may proceed as a class action. Defendants admit that first responders or other emergency personnel sometimes determine whether a patient needs a helicopter for emergency travel to a hospital. All other allegations in this paragraph are denied.

2. Denied.

---

[1] All headings appearing before Defendants' Defenses and Affirmative Defenses are recited verbatim from Plaintiffs' Complaint.

3. Defendants admit that the Complaint purports to seek the relief referenced in this paragraph, but deny that Plaintiffs are entitled to such relief or that this action may proceed as a class action. All other allegations in this paragraph are denied.

4. Denied.

5. Denied.

6. Denied.

## JURISDICTION AND VENUE

7. Defendants admit that the named Plaintiffs have diverse citizenship from Defendants. Based on Plaintiffs' vague pleadings and prayer for relief, Defendants have insufficient information to admit or deny whether the amount in controversy exceeds $5 million and, therefore, have insufficient information to admit or deny whether this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). However, Defendants do not dispute subject matter jurisdiction at this time.

8. Admitted strictly as to the named Plaintiffs and only under the theory of specific personal jurisdiction.

9. Defendants do not dispute venue in this district. All other allegations in this paragraph are denied.

## THE PARTIES

10. Admitted based on information and belief.

11. Admitted based on information and belief.

12. Admitted.

13. Defendants admit that RMH is a limited liability company organized under the laws of Delaware, that RMH conducts business in South Carolina including this Division, and

that RMH may be served through its registered agent. All other allegations in this paragraph are denied.

## FACTUAL BACKGROUND

14. Admitted, except that the allegation that the trip was less than 25 miles is denied upon information and belief.

15. Upon information and belief, Defendants admit that Plaintiff Adams did not personally sign the authorization and consent form. All other allegations in this paragraph are denied.

16. Defendants admit the allegations regarding the amount of the charges, including a mileage charge for 25 miles. The claim was submitted to a liability insurer following the transport. All other allegations in this paragraph are denied.

17. Denied as stated. The document attached to the Complaint as "Exhibit A" is not a "bill." It is admitted that the document attached to the Complaint appears to contain the language quoted in this paragraph. All other allegations in this paragraph are denied.

18. Denied as stated. Defendants admit that, even though Mr. Adams was covered by Medicare, a claim has not been filed with Medicare or Medicaid because the claim was filed with the primary payer, the liability insurer. All other allegations in this paragraph are denied.

19. Defendants admit that the document attached to the Complaint as Exhibit A contains the language quoted in this paragraph, and the reference to North Carolina law was made inadvertently. All other allegations in this paragraph are denied.

20. Defendants admit that South Carolina law applies. All other allegations in this paragraph are denied.

21. Admitted upon information and belief.

22. Upon information and belief, Defendants admit that Plaintiff Griffith did not personally sign the authorization and consent form. All other allegations in this paragraph are denied.

23. Defendants admit the statement of charges is correct. All other allegations in this paragraph are denied.

24. Defendants admit that Plaintiffs have attached the purported documents as Exhibits to their Complaint and that there is a balance of $9,409.86 owed on Plaintiff Griffith's bill. All other allegations in this paragraph are denied.

25. Denied as stated. Defendants admit that Plaintiff Griffith has made some payments on the balance. All other allegations in this paragraph are denied.

26. Denied. The amounts typically charged by Defendants in South Carolina for transports are usual, customary, and reasonable in all circumstances.

27. Denied as stated. Defendants admit that they seek to apply their policies on a consistent basis, taking into account payments made by third parties.

28. The allegations in this paragraph are denied for lack of sufficient information.

29. Denied.

## CLASS ACTION ALLEGATIONS

30. Defendants' responses to the previous paragraphs are incorporated by reference.

31. Defendants admit that the Complaint purports to bring a class action against Defendants under Rules 23(b)(2) and 23(b)(3), but deny that this action may proceed as a class action or that the class definition set forth in the Complaint is appropriate. All other allegations in this paragraph are denied.

32. Denied as stated. Defendants admit that they are industry leaders in air medical transport, have multiple hospital and community bases within the state of South Carolina, and service a large geographical area within the state of South Carolina. Defendants have insufficient information to admit or deny the remaining allegations in this paragraph.

33. Denied as stated. Defendants admit that they keep transport and billing records for each patient transport. All other allegations in this paragraph are denied.

34. Defendants deny the allegations in this paragraph, including all sub-parts.

35. Denied.

36. Defendants have insufficient information to admit or deny the allegations regarding adequacy of counsel. All other allegations in this paragraph are denied.

37. Denied.

38. Denied.

39. Denied.

## FOR A FIRST CAUSE OF ACTION
## BREACH OF IMPLIED CONTRACT

40. Defendants' responses to the previous paragraphs are incorporated by reference.

41. Denied as stated. The unique and exigent circumstances surrounding emergency transport by air ambulance often limit the parties' opportunity to engage in a traditional negotiation of contract terms. All other allegations in this paragraph are denied.

42. Denied as stated. The unique and exigent circumstances surrounding emergency transport by air ambulance often limit the parties' ability to engage in a specific discussion about rates and price terms. All other allegations in this paragraph are denied.

43. Denied.

44. Denied.

45. Defendants admit that the Complaint purports to seek the damages referenced in this paragraph, but deny that Plaintiffs are entitled to any relief or that this action may proceed as a class action. All other allegations in this paragraph are denied.

## FOR A SECOND CAUSE OF ACTION
## DECLARATORY AND INJUNCTIVE RELIEF

46. Defendants' responses to the previous paragraphs are incorporated by reference.

47. Defendants admit that Plaintiffs purport to bring a claim injunctive and declaratory relief, but deny that they are entitled to any relief. All other allegations in this paragraph are denied.

48. Denied.

49. Defendants admit that Plaintiffs seek declaratory and injunctive relief, but deny that they are entitled to any relief. All other allegations in this paragraph are denied

50. Defendants admit that Plaintiffs purport to bring a claim for breach of implied contracts with Defendants, but deny that they are entitled to any relief. All other allegations in this paragraph are denied.

51. Denied as stated. Defendants' charges are usual, customary, and reasonable, and they are entitled to receive payment of these charges.

52. Defendants admit that the Complaint purports to seek an order from the Court as stated therein, but deny that Plaintiffs are entitled to any relief or that this action may proceed as a class action. All other allegations in this paragraph are denied.

53. Denied.

54. Defendants admit that the Complaint purports to seek the relief stated in this paragraph, but deny that Plaintiffs are entitled to any relief or that this action may proceed as a class action. All other allegations in this paragraph are denied.

55. Defendants admit that the Complaint purports to seek the relief stated in this paragraph, but deny that Plaintiffs are entitled to any relief or that this action may proceed as a class action. All other allegations in this paragraph are denied.

## FOR A THIRD CAUSE OF ACTION
## Violation of the S.C. Unfair Trade Practices Act

56. Defendants' responses to the previous paragraphs are incorporated by reference.

57. Denied.

58. Defendants admit to these allegations as to the named Plaintiffs, but deny that putative class members can bring claims pursuant to the South Carolina Unfair Trade Practices Act.

59. Admitted for purposes of this lawsuit only.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## PRAYER FOR RELIEF

Defendants admit that the Complaint purports to seek the relief stated in the paragraphs following the "PRAYER FOR RELIEF" header, but deny that Plaintiffs are entitled to any relief or that this action may proceed as a class action. All other allegations in this paragraph and its subparts are denied.

All allegations in the Complaint which have been neither admitted nor denied are now generally denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing denials, Defendants allege the following further and separate defenses and affirmative defenses:

### FIRST DEFENSE
### Express Federal Preemption

All of Plaintiffs' claims, which are based on South Carolina law, are preempted by federal law, specifically the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. 417139(b). *See Bailey v. Rocky Mountain Holdings, LLC*, No. 13-62447-CIV, 2015 WL 5885379 (S.D. Fla. Sept. 23, 2015). Plaintiffs' claims would effectively regulate and limit Defendants' charges for air ambulance services. Because Plaintiffs' alleged causes of action have a "connection with or reference to" Defendants' prices and services, their claims are barred by the express preemption clause of the ADA. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992).

### SECOND DEFENSE
### Implied Federal Preemption

All of Plaintiffs' claims are impliedly preempted by the Federal Aviation Act ("FAA"), 49 U.S.C. § 40101 et seq., and its implementing regulations, which pervasively regulate Part 135 air ambulance operators, including matters related to their certification, rates, and insurance. As such, Plaintiffs' claims based on South Carolina law are impliedly preempted by federal law because they would improperly conflict with the FAA and its regulatory scheme and objectives.

### THIRD DEFENSE
### Lack of Standing

Plaintiff Adams lacks standing to sue because he has not alleged any injury or threatened injury that is fairly traceable to the Defendants' alleged conduct. Plaintiff Adams does not allege

that Defendants have attempted to collect any portion of the outstanding amounts for air ambulance services from him personally. He only alleges that Defendants have filed a claim with an insurer, and the insurer has not yet made a determination with respect to that claim. Thus, presently, any injury to Plaintiff Adams is conjectural or hypothetical, rather than actual, and because this is insufficient to satisfy the "case or controversy" requirement of Article III, Plaintiff Adams lacks standing. Further, Plaintiff Adams cannot serve as class representative for the putative class. *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("[E]ven named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (citation and quotation marks omitted)).

## FOURTH DEFENSE
### Ripeness

Plaintiff Adams's claims are not ripe because there is not presently an actual controversy. Plaintiff Adams has not alleged that Defendants have attempted to collect any portion of the outstanding amounts for air ambulance services from him personally. He only alleges that Defendants have filed a claim with an insurer, and the insurer has not yet made a determination with respect to that claim. These allegations are insufficient to establish that Plaintiff Adams's claims are currently ripe.

## FIFTH DEFENSE
### Claims Precluded by Express Contract

Upon information and belief, some claims of putative class members for *quantum meruit*, quasi contract, or breach of contract implied by law are barred by express contract. Where putative class members have signed consent agreements in which they agreed to pay Defendants' regular rates, they cannot rely upon the law of *quantum meruit*, quasi contract, or breach of

9

contract implied by law. *In re Atlas Roofing Corp. Chalet Shingle Products Liab. Litig.*, 22 F. Supp. 3d 1322, 1330 (N.D. Ga. 2014) (citing *Atherton v. Tenet Healthcare Corp.*, No. 2005-UP-362, 2005 WL 7084013 (S.C. Ct. App. May 25, 2005)). Further, some claims of putative class members are governed by a provider contract, and that express contract would bar any *quantum meruit*, quasi contract, or breach of contract implied by law claims.

**SIXTH DEFENSE**
**No Injunctive Relief**

All of Plaintiffs' claims and requests for injunctive relief must be dismissed because, although Plaintiffs cannot recover for a variety of reasons, money damages would fully remedy the harm Plaintiffs and/or putative class members allege, which is that the rates charged by Defendants are unreasonable. *See, e.g.*, *Key Corporate Capital, Inc. v. Cnty. of Beaufort*, 373 S.C. 55, 644 S.E.2d 675, 678 (2007). As South Carolina courts have explained, "[t]he remedy of injunction is a drastic one and should be cautiously applied only when legal rights are unlawfully invaded or legal duties are willfully or wantonly neglected." *LeFurgy v. Long Cove Club Owners Ass'n, Inc.*, 313 S.C. 555, 443 S.E.2d 577, 578 (Ct. App.1994).

**SEVENTH DEFENSE**
**Separation of Powers Doctrine**

Plaintiffs' cause of action violates the separation of powers doctrine. Plaintiffs' causes of actions essentially ask this Court to engage in legislative "rate-making" for all air ambulance services provided in South Carolina. Because this would violate the separation of powers doctrine, Plaintiffs' causes of action should be dismissed. *See Atherton v. Tenet Healthcare Corp.*, No. 2005-UP-362, 2005 WL 7084013, at *2 (S.C. Ct. App. May 25, 2005) ("[T]he court held all four of [plaintiff's] claims [alleging that defendant overcharged for medical services] would require the court to engage in legislative 'rate-making' in order to determine damages, in

violation of the separation of powers doctrine, and Respondents were entitled to summary judgment on this basis as well on all four causes of action.").

## EIGHTH DEFENSE
### Failure to Meet Rule 23 Requirements

Plaintiffs' claims do not satisfy the class action requirements under Rule 23 of the Federal Rules of Civil Procedure and, thus, the case should not be certified as a class action.

## NINTH DEFENSE
### Accord and Satisfaction

Upon information and belief, some claims of putative class members are barred under the doctrine of accord and satisfaction, whereby Defendants and putative class members already have agreed to settle claims. Such claims are barred under the doctrine of accord and satisfaction.

## TENTH DEFENSE
### Insurance Coverage

Upon information and belief, some claims of putative class members would be the responsibility of their health insurance companies or other insurers, not the individual class members themselves. *See, e.g.*, S.C. Code Ann. § 38-71-1530 ("A managed care organization which includes emergency medical care services as part of its policy or contract shall provide coverage and shall subsequently pay providers for emergency medical care services provided to an insured, enrollee, or patient who presents an emergency medical condition."). In such circumstances, the individual putative class members have no alleged injury, or their insurer may be a necessary party.

## ELEVENTH DEFENSE
### Fault of Third-Parties

Upon information and belief, some or all of the damages allegedly sustained by putative class members are the proximate result of a third-party's wrongful act or breach of other legal duty.

## TWELFTH DEFENSE
### Compulsory Counterclaims Against Putative Class Members

Upon information and belief, some claims of putative class members may be offset or negated by counterclaims, which Defendants would be compelled to assert upon certification of a class, for outstanding amounts owed to Defendants.

## THIRTEENTH DEFENSE
### Voluntary Payment Rule

Upon information and belief, some claims of the putative class members or named Plaintiffs will be barred by the voluntary payment rule. *Town of Bennettsville v. Bledsoe*, 226 S.C. 214, 84 S.E.2d 554, 556 (1954).

## FOURTEENTH DEFENSE
### Additional Defenses

Defendants intend to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserve the right to amend their Answer to assert such defenses.

## RMH'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT[2]

1. Counterclaimant RMH adopts the previous pleadings in its Answer and Affirmative Defenses as if stated herein.

2. RMH provided air ambulance services to Mr. Adams on May 17, 2014. The total charge for those services was $30,891.38.

3. RMH submitted a claim for $30,891.38 to the appropriate liability insurer for payment of the air ambulance services provided to Mr. Adams. As of this date, upon information and belief, the liability insurer has not paid, denied, or otherwise resolved that claim.

4. If the liability insurer pays the above-referenced claim or any portion of that claim, RMH will be entitled to collect the full amount paid by the liability insurer for the services provided by RMH. As explained in the CMS Medicare Secondary Payer manual (Pub. 100-05), chapter 2 ("MSP Provisions"), section 40.2(D): "[I]f the physician or other supplier pursues liability insurance, the physician or other supplier may charge beneficiaries actual charges, up to the amount of the proceeds of the liability insurance less applicable procurement costs but may not collect payment from the beneficiary until after the proceeds of the liability insurance are available to the beneficiary."

5. RMH seeks a declaratory judgment that RMH is entitled to any amounts paid by the liability insurer for the air ambulance services provided to Mr. Adams.

6. RMH provided air ambulance services to Mr. Griffith on December 24, 2013. The total charge for those services was $30,424.86.

7. There remains an outstanding balance on Mr. Griffith's bill in the amount of $9,609.86.

---

[2] Although Defendants maintain that there is no present case-or-controversy between Mr. Adams and Defendants with respect to the outstanding amounts owed for the air ambulance services provided to him and that Plaintiffs' claims are not ripe, Defendants bring this counterclaim in the form of an alternative pleading.

8. RMH seeks a declaratory judgment that RMH is entitled to recover from Mr. Griffith or his health insurer the outstanding balance on that bill.

This 24th day of November, 2015
Greenville, South Carolina

    / s/ Keith D. Munson
Keith D. Munson (Fed. ID No. 6843)
kmunson@wcsr.com
Michael S. Cashman (Fed. ID No. 9937)
mcashman@wcsr.com
Womble Carlyle Sandridge & Rice, LLP
550 South Main Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 255-5400
Fax: (864) 239-5865

David A. King (TN BPR # 011559)
BASS, BERRY & SIMS, PLC
150 Third Ave S, Suite 2800
Nashville, TN 37201
(615) 742-7890
Fax: (615) 742-6293
DKing@bassberry.com
(Admitted *Pro hac vice*)

***Attorneys for Defendants/Counter-Claimants Air Methods Corporation and Rocky Mountain Holdings, LLC***