IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Edward Lee Adams and Joel Griffith, on Behalf of Themselves and All Others Similarly Situated,<br><br>PLAINTIFFS<br><br>v.<br><br>Air Methods Corporation and Rocky Mountain Holdings, LLC,<br><br>DEFENDANTS | Case No. 3:15-cv-1683-TLW<br><br><br><br>ORDER |

This matter is before the Court on a Motion for Judgment on the Pleadings and Motion to Strike Class Allegations filed by Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC, pursuant to Federal Rules of Civil Procedure 12(c) and 23(d)(1)(D). ECF No. 29. As set forth below, Defendants' motions are denied.

## **BACKGROUND**[1]

Plaintiffs are former medical patients who were transported to hospitals in South Carolina by Defendants' air ambulance companies. ECF No. 27 at ¶¶ 14-25 (Am. Compl.). They assert Defendants' air ambulance service was performed pursuant to an implied contract that contained an undefined price term. *Id*. at ¶¶ 41-43. Plaintiffs further assert this obligated Defendants to charge a fair and reasonable price for the services provided; however, the amount charged by Defendants exceeded the "uniform, customary, and reasonable amount" typically charged in South Carolina for emergency medical transport, and did not represent a reasonable value of services rendered. *Id*. at ¶ 26.

Plaintiffs additionally purport to represent a class of individuals comprising "[a]ll patients who, without entering a written agreement with Defendants for medical transport prior to the transport, received medical transport by Defendants from a location in South Carolina to a

---

[1] As noted below, Plaintiffs' allegations are accepted as true at this stage of the proceeding.

healthcare facility during the period of three (3) years prior to the commencement of this action." *Id*. at ¶ 31. Plaintiffs assert certification would be appropriate under Rules 23(b)(2) and 23(b)(3). *Id*. The Amended Complaint asserts three causes of action: (1) Breach of Implied Contract; (2) Declaratory and Injunctive Relief; and (3) Violation of the South Carolina Unfair Trade Practices Act (SCUPTA). *Id*. at ¶¶ 40–65.

Defendants' Rule 12 motion seeks to dismiss Plaintiffs' claims as preempted by the Airline Deregulation Act of 1978 (ADA), 49 U.S.C. §§ 41713(b)(1).[2] ECF No. 29. Additionally, Defendants seek to have the Court strike Plaintiffs' class allegations pursuant to Rule 23(d)(1)(D) because they fail to satisfy several the requirements for class certification: (1) Commonality, Rule 23(a)(2); (2) Typicality, Rule 23(a)(3); (3) Adequacy of Representation, Rule 23(a)(4); (4) availability of injunctive relief for purposes of Rule 23(b)(2); (5) Predominance, Rule 23(b)(3); and (6) Superiority, Rule 23(b)(3). *Id*.

The parties have fully briefed these issues, ECF Nos. 29-1, 34, 38, and the motions are now ripe for consideration.

## STANDARD OF REVIEW

The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6). *Drager v. PLIVA USA, Inc*., 741 F.3d 470, 474 (4th Cir. 2014). Therefore, a motion for judgment on the pleadings should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Id*. Dismissal of a complaint for failure to state a claim is

---

[2] Plaintiffs concede that their SCUPTA claim is preempted by the ADA and, therefore, they voluntarily dismissed this claim in their response to Defendants' motion. ECF No. 34 at 23-24. Accordingly, this Order addresses only the remaining claims for breach of implied contract and injunctive and declaratory relief.

proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle [claimant] to relief." *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995).

As with a Rule 12(c) motion, "[i]n a motion to dismiss class allegations, the defendants have the burden of demonstrating from the face of the plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove, analogous to the standard of review for motions brought pursuant to Rule 12(b)(6)." *Mungo v. CUNA Mut. Ins. Soc.*, 2012 WL 3704924, at *4 (D.S.C. Aug. 24, 2012) (citing *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C. 1991)).[3] If the complaint does not plausibly suggest that the named plaintiffs' case is entitled to class certification, then the class allegations may be stricken from the complaint. *See Pelino v. Ward Mfg., LLC*, 2015 WL 4528141, at *4 (D. Md. July 27, 2015) (finding that the named plaintiffs' "own admission . . . distinguish[ed] themselves from the rest of the class" and dismissing the class allegations pursuant to Rule 23(d)(1)(D)). However, "a ruling on class certification should normally be based on 'more information than the complaint itself affords,' *Doctor v. Seaboard Coast Lines R.R. Co.,* 540 F.2d 699, 707 (4th Cir. 1976), and it should be made only 'after a rigorous analysis of the particular facts of the case.' *In re A.H. Robins Co.,* 880 F.2d 709, 728 (4th Cir. [1989])." *Bryant*, 774 F. Supp. at 1495.

## DISCUSSION

**Motion to Strike Class Allegations**

Defendants assert the class allegations should be stricken because Plaintiffs failed to allege sufficient facts to satisfy certain class action requirements under Rule 23(a) and (b). ECF

---

[3] Defendants' motion is properly addressed on a Rule 12 standard as a motion under Rule 23(d)(1)(D) would be premature since Plaintiffs have not yet moved to certify a class. *Id*. at *6. Further, Defendants urged the use of the Rule 12 standard in their motion. ECF No. 29-1 at 8.

No. 29-1 at 2-3. Plaintiffs respond by identifying the specific factual allegations contained in the Amended Complaint they assert meet the class requirements of Rule 23. ECF No. 34 at 6-18. Additionally, Plaintiffs assert it is premature to decide the issue of class certification at this stage as they are entitled to discovery before seeking to certify a class. *Id*. at 4-6.

As noted, to survive a challenge a class challenge at the Rule 12 stage, Plaintiffs need only to have sufficiently pled facts that, if proven, would satisfy the requirements of Rule 23. *See Mungo*, 2012 WL 3704924, at *4; *Bryant*, 774 F. Supp. at 1495. Conversely, in order for Defendants to prevail at this stage, they "have the burden of demonstrating from the face of the plaintiffs' complaint that it will be *impossible* to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove." *Mungo*, 2012 WL 3704924, at *4.

After a careful review of the relevant case law, pleadings, and memoranda, the Court concludes that Defendants' have not met their burden to have the class allegations stricken at this stage of the proceeding. At this point, the Court need not and does not decide whether class certification will ultimately be appropriate—Plaintiffs will bear the burden on that issue at a later stage. The Court finds that Plaintiffs' Amended Complaint contains allegations that could satisfy the class action requirements under Rule 23(a) and (b), which is sufficient to survive a challenge at this stage. For these reasons, Defendants' motion to strike the class allegations is denied.

**Motion for Judgment on the Pleadings – ADA Preemption**

The second issue before the Court is whether Plaintiffs' breach of implied contract and injunctive and declaratory relief claims are preempted by the ADA. As stated, at the Rule 12 stage the Court decides this question based on the well-pleaded allegations of the Amended Complaint viewed in the light most favorable to Plaintiffs.

The ADA expressly prohibits a state from regulating the price, route, or service of an air carrier. 49 U.S.C. §41713(b) ("a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route or service of an air carrier."). Though the scope of this preemption is broad, the Supreme Court has carved an exception for claims arising from private contracts rather than state action. *See Am. Airlines v. Wolens*, 513 U.S. 219, 226-234 (1995) (holding the ADA bars state-imposed regulation of air carriers, but allows room for court enforcement of contract terms set by the parties themselves; there, an express contract concerning frequent flyer miles).

Defendants contend the price they charge for air ambulance services cannot be challenged by Plaintiffs for reasonableness because Plaintiffs' claims arise from the alleged breach of an *implied*, rather than *express*, contract such that the *Wolens* exception does not apply. ECF No. 38 at 3. Defendants assert that Plaintiffs' claim is foreclosed by the Supreme Court's decision in *Northwest v. Ginsberg*, 134 S.Ct. 1422, 1427-1431 (2014) (holding the ADA preempts a state-law claim for breach of the implied covenant of good faith and fair dealing if it seeks to enlarge the contractual obligations that the parties voluntarily adopt), and the Fourth Circuit's decision in *Smith v. Comair*, 134 F.3d 254, 258 (4th Cir. 1998) (holding that "[b]ecause [defendant] invokes defenses provided by federal law, [plaintiff]'s contract claim can only be adjudicated by reference to law and policies external to the parties' bargain and, therefore, is preempted under the ADA"). Defendants also point to the case of *Bailey v. Rocky Mountain Holdings*, where a Florida district court granted summary judgment to one of the Defendants in a case brought pursuant to Florida's Deceptive and Unfair Trade Practices Act. 136 F. Supp. 3d 1376 (S.D. Fla. 2015).

Conversely, Plaintiffs assert their claim fits within the *Wolens* exception because Defendants entered into a private, implied contract with each plaintiff and, in doing so, voluntarily adopted the implied covenants arising from state contract law. ECF No. 34 at 18-23. Plaintiffs argue that Defendants have thus purposefully availed themselves of the benefit of South Carolina common law as this is the only mechanism whereby they can collect for the air ambulance services they provide. *Id*. at 21-23.

At this point in the proceeding, the question of preemption cannot be readily determined. Based on the limited information the Court can consider at this stage (i.e., the factual allegations in the Amended Complaint), it is not clear whether Plaintiffs' remaining claims fall within the *Wolens* exception.[4] The Court observes that in the majority of the cases cited, courts ruled on the issue of ADA preemption on a summary judgment record rather than on the pleadings alone. In light of the applicable standard, the Court concludes that Plaintiffs' claims are not preempted by the ADA at this Rule 12 stage. Therefore, Defendants' motion for judgment on the pleadings is denied.

## **CONCLUSION**

As noted, Plaintiffs voluntarily dismissed their cause of action arising under the SCUTPA in their response to the present motions. As to the remaining claims, for the reasons set forth above Defendants' Motion for Judgment on the Pleadings and Motion to Strike Class Allegations, ECF No. 29, are hereby DENIED.

---

[4] This Court notes that the *Ginsberg* court alluded that the plaintiff's breach-of-contract claim may have survived had that claim been preserved for the Court's consideration. 134 S. Ct. at 1433.

Additionally, at the parties' request this case was stayed pending the resolution of these motions. ECF No. 45. With the motions now decided, the parties are directed to promptly submit a proposed scheduling order.

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u>
Chief United States District Judge

August 12, 2016
Columbia, South Carolina